**UNITED STATES of America, Appellee,**

v.

**Moliere ELIZE, Defendant–Appellant.**

**No. 00–1673.**

United States Court of Appeals, Second Circuit.

Oct. 11, 2001.

---

Moira E. Casey, Esq., Douglaston, NY, for appellant.

Thomas J. Seigel, Assistant United States Attorney on behalf of Loretta E. Lynch, United States Attorney for the Eastern District of New York; Emily Berger, Assistant United States Attorney, of counsel, Brooklyn, NY, for appellee.

Present McLAUGHLIN, STRAUB and KATZMANN, Circuit Judges.

## SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

· Defendant–Appellant Moliere Elize ("Elize") appeals from a judgment of conviction, following a jury trial, of the United States District Court for the Eastern District of New York (Eugene H. Nickerson, *Judge*). Elize was convicted of conspiring to import cocaine, conspiring to possess cocaine with intent to distribute, and possessing cocaine on an aircraft arriving in the United States in violation of 21 U.S.C. §§ 963, 846, 955. Elize was sentenced principally to serve three concurrent terms of 120 months' imprisonment.

On appeal, Elize argues that the evidence is insufficient to prove his guilt of the conspiracy charge and that the District Court erred in its response to notes from the jury, specifically by its further instruction on the law of conspiracy and by its failure to advise the jury what language, French or Creole, the court interpreter was speaking.

█ Viewing the evidence in a light most favorable to the government, we conclude that the evidence is sufficient to sustain Elize's conviction, as Elize's own statements show that he knew of and intended to participate as a member of a cocaine trafficking conspiracy. Elize admitted to a special agent that he was recruited to bring a bag containing approximately 49 pounds of cocaine into the United States and that he received instructions that his contact would identify him as a result of the clothing Elize was wearing. Elize was also instructed that someone would assist him in circumventing the immigration and custom processes. Although Elize told a separate agent that he was merely a busboy in Florida, he was traveling without luggage and with a first-class ticket purchased in cash that day. Moreover, the jury was entitled to infer that Elize would have needed outside assistance to circumvent the cus-

toms inspection as the 49 pounds of cocaine, packaged in over 20 separate bricks, were not concealed in any way.

■ Reading the jury charge as a whole, *United States v. Reese*, 33 F.3d 166, 172 (2d Cir.1994), we find that the District Court's supplemental charge clarifying its conspiracy instruction, a charge to which Elize failed to object at trial, does not rise to the level of plain error as the District Court did nothing more than explain to the jury that it should weigh all the evidence, including Elize's admissions, and merely summarized which witnesses had discussed Elize's statements.

■ Finally, we find that the District Court did not exceed its discretion in failing to respond to the jurors' note inquiring whether the court interpreter was translating in French or Creole, as that fact was not in evidence and there was testimony that Elize understood French, English, and Creole but no testimony explaining the degree of similarity between French and Creole. Thus, the District Court was properly concerned with whether the jury would infer, if indeed the interpreter translated in Creole to Elize, that Elize did not speak French well without having any information (and without permitting the government the opportunity to present evidence) as to the degree of similarity between French and Creole. *See United States v. Guanti*, 421 F.2d 792, 801 (2d Cir.1970) (finding no error in district court's denial of a request by the jury to rehear a summation, as this was not evidence); *cf. United States v. Escotto*, 121 F.3d 81, 84 (2d Cir.1997) (indicating that a trial court, in responding to a jury request, should be guided by considerations of, among other things, "the possibility of undue emphasis on any portion of the testimony"); *United States v. Arboleda*, 20 F.3d 58, 61 (2d Cir.1994) (recognizing that it is within the district court's broad discretion in choosing to read back testimony, but finding that the district court exceeded its discretion in reading back a rebuttal summation, especially because the summation was argument and not evidence).

### CONCLUSION

For the reasons provided above, the judgment of the District Court is AFFIRMED.